## BRYSON v. McCONE et al.

### L. A. No. 258; June 4, 1898.

53 Pac. 639.

**Appeal—Review.—Where Appellant Insists That, on the Findings** of the lower court, he is entitled to a more favorable judgment, but waives all right to have the case remanded for a new trial, the court will rely entirely on the findings whether or not the evidence supports them.

**Damages.—The Appellate Tribunal will not Go Beyond** the strict rules of law to increase plaintiff's allowance of damages for loss of profits.

APPEAL from Superior Court, Los Angeles County.

Action by I. H. Bryson against A. J. McCone and others for damages from a breach of contract. From a judgment for plaintiff, he appeals. Affirmed.

W. P. Gardiner, J. S. Chapman and R. L. Garrett for appellant; Knight & Heggerty and Ben Goodrich for respondents.

TEMPLE, J.—This is plaintiff's appeal from the judgment. Defendants also appealed from the judgment, and from a refusal of a new trial: L. A. No. 279, 121 Cal. 153, 53 Pac. 637. In that case the facts are stated more at large, and many of the points also involved in this appeal are discussed.

Plaintiff insists that, upon the findings, he is entitled to a more favorable judgment. He has, however, greatly discredited his contention by bringing up in a bill of exceptions all the evidence respecting the relations between plaintiff and

defendants subsequent to March 1, 1892, and regarding any extension of time for completing the contract, and any waiver of damages, and also in regard to the cost of producing ice, and the expenditure of $1,800 for water-power, and $243.19 for ammonia. If the contention is only that appellant is entitled to a different judgment upon the findings, there can be no use for a bill of exceptions to bring up the evidence. And yet appellant's brief refers indifferently to the facts found and what the evidence shows. I presume counsel realize that the findings must be supplemented upon the points with reference to which they have brought up the evidence. Still, appellant states in his points that he does not desire a new trial; and, if he cannot obtain relief by a simple modification of the judgment, he prefers to waive, and does waive, his claim to additional damages. The court found that plaintiff could have made profits by the manufacture and sale of ice to the amount of $1,166.66⅔ per month if said machinery had been perfected with the capacity of fifteen tons per day, of such ice as was described in the contract, from the first day of March, 1892, up to the first day of October, 1892; and for the last three months of that period he was damaged to that extent for each month by the failure to complete the machinery according to the contract. It is also found, in effect, that plaintiff gave defendants until the 2d of July, 1892, to perform the contract. It may be true that the evidence shows without conflict that the time for the completion of the contract was not extended, but that plaintiff all the time insisted that defendants had violated their contract, and were liable to him for damages. We cannot supply the defects in the findings, but if facts exist which are not found, and which are material, the error could only be corrected by a new trial.

Formerly, as I understand the history of the proposition of law involved, this claim of damages would have been rejected as speculative. It is only found that plaintiff could have made such profits, not that he would have made them, or that it was reasonably certain that such profits would have been made. It is a harsh rule which allows plaintiff to recover such damages, although I think it is now settled that damages which are reasonably certain to accrue may be recovered. Had this machinery been perfect, yet for some fault of the plaintiff, or through accident, he may not have been able to realize profits. Had what was not been, no one could tell

what would have occurred. Under such circumstances, we are not inclined to go beyond the strict rules of law to increase the plaintiff's allowance of damages. He who can recover upon a theory relieved from all hazards has a great advantage. As to the cost of the water and ammonia which was lost to plaintiff by the failure to complete the machinery by the 1st of March, 1892, the same argument will apply. Possibly, however, some proportion of this should be allowed to the plaintiff as damages, irrespective of any question as to the extension of the time for the completion of the contract, if the proper proportion could be determined from the findings. Again, however, it seems to have been found that the only damage which plaintiff has suffered, for which he is entitled to a judgment, is the sum of the various items which were allowed. These conclusions are reached upon the supposition that appellant waives his right to a new trial. In that view, of course, the evidence brought up has not been regarded. The judgment is affirmed.

We concur: Henshaw, J.; McFarland, J.